UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

TORM L. HOWSE,                     )
                                   )
            Plaintiff,             )
     vs.                           )     1:04-cv-1530-JDT-TAB
                                   )
THE STATE OF INDIANA,              )
                                   )
            Defendant.             )

**Entry Discussing Pending Motions
And Directing Entry of Final Judgment**

**I.  Introduction**

Plaintiff Torm Howse ("Howse") claims in this action that the State of Indiana violates his rights as a non-custodial parent. Indiana seeks dismissal of the action pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

For the reasons explained in this Entry, Indiana's motion to dismiss must be granted. In addition, Howse's motion to strike and the various motions to intervene must be denied.

**II.  Applicable Law**

A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[1] "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[2]

In applying this standard to the present case, the court recognizes that (1) its subject matter jurisdiction does not extend to domestic relations disputes,[3] (2) Indiana is immune

---

[1] *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir. 1991).

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

[3] A federal court lacks subject matter jurisdiction over an action for dissolution of marriage or an action involving similar domestic relations concerns, this court would lack subject matter jurisdiction. *See Ankenbrandt v. Richards,* 504 U.S. 689 (1992); *Alpern v. Lieb,* 38 F.3d 933 (7th Cir. 1994) (domestic relations exception barred suit seeking stay of divorce proceeding in federal court and subsequent damages suit against state judge).

from suit in federal court except in specific circumstances,[4] and (3) this court has no subject matter jurisdiction to review the decisions of the Indiana state courts or claims inextricably intertwined with a state court determination.[5]

### III. Discussion

Indiana argues that the claims against it are barred by Indiana's Eleventh Amendment immunity.

> [T]here are three specific exceptions to Eleventh Amendment state immunity to lawsuits in federal court: (1) Congress has abrogated the state's immunity from suit through an unequivocal expression of its intent to do so through a valid exercise of its power; (2) a state has properly waived its immunity and consented to suit in federal court; and (3) the plaintiff seek[s] prospective equitable relief for ongoing violations of federal law . . . under the Ex Parte Young doctrine.[6]

---

[4] The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States" by citizens of another State. U.S. Const. amend. XI. It has been interpreted to provide a state with immunity from suit in federal court by citizens of other states and by its own citizens. *Hans v. Louisiana,* 134 U.S. 1, 10 (1890).

[5] The jurisdictional deficiency over such a claim exists through what is known as the *Rooker-Feldman* doctrine. This doctrine, which takes its name from two Supreme Court cases, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), which bars a lower federal court from exercising jurisdiction over an action that would require the court to review a civil matter that has been adjudicated by a state court or that is inextricably intertwined with a state court determination. *Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir. 2001).

[6] *Sonnleitner v. York,* 304 F.3d 704, 717 (7th Cir. 2002) (internal quotations and citations omitted). It is recognized that Howse seeks prospective injunctive relief. He does so, however, with the State of Indiana named as the sole defendant. This effort is inadequate to avoid the reach of the Eleventh Amendment.

> The Eleventh Amendment is not limited to damages judgments. It applies to injunctive suits, as well, against the states. There is, it is true, the exception carved out in Ex Parte Young: state officials may be sued in their official capacity for injunctive relief against violations of federal law, including of course nonconstitutional as well as constitutional violations. Even though suits against state officials in their official capacity are deemed suits against the states themselves, and even though the Eleventh Amendment applies to equitable as well as to legal relief, the doctrine of Ex Parte Young in effect enables injunctive relief to be obtained in federal court against a state. But the plaintiffs do not invoke Ex Parte Young.

*Luder v. Endicott,* 253 F.3d 1020, 1024-25 (7th Cir. 2001) (internal citations omitted).

None of these circumstances are present with respect to Howse's claims. The upshot of this is that, under the Eleventh Amendment, "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation.[7]

To the extent that Howse challenges particular rulings of the Indiana state courts regarding his rights and obligations as a non-custodial parent with respect to proceedings in the Hendricks Circuit Court in No. 32C01-9912-DR-165, his claims are barred by the *Rooker-Feldman* doctrine.[8] Where a plaintiff alleges "injury due more to the 'wrongful' state judgment than to any particular act of the opposing party," *Rooker-Feldman* strips the district court of jurisdiction.[9] This is precisely the basis of Howse's claims here. The *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment."[10]

To the extent that Howse seeks modification of his rights or obligations as a non-custodial parent, his claims are barred by the domestic relations exception to the court's jurisdiction. Howse is certainly aware of these rules of law and of their application to his situation through the decisions in *Hensley v. Howse,* No. 1:04-cv-443-SEB-VSS (S.D.Ind. April 26, 2004), and in *Hensley v. Howse,* No. 1:04-cv-915-SEB-VSS (S.D.Ind. June 2, 2004). In this latter case, the court stated in the Entry of June 4, 2004: "Certainly there is a mechanism for review of trial court decisions in domestic relations matters in the State of Indiana, but a federal district court is not part of that process."

None of Howse's blunderbluss of claims survives the foregoing analysis. Several

---

[7] *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985).

[8] *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

[9] *Id.* at 1367-68.

[10] *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (internal quotation omitted). "In applying the *Rooker-Feldman* doctrine, the immediate inquiry is whether the 'federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim.'" *Taylor v. Federal National Mortg. Ass'n,* 374 F.3d 529, 532 (7th Cir. 2004) (quoting *Kamilewicz v. Bank of Boston Corp.,* 92 F.3d 506, 510 (7th Cir. 1996)). "Claims that directly seek to set aside a state court judgment are *de facto* appeals and are barred without additional inquiry." *Id.* at 532. "[F]ederal claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision may still be subject to *Rooker-Feldman* if those claims are 'inextricably intertwined' with a state court judgment." *Id.* at 532-33. In determining whether a claim is "inextricably intertwined" with a state court judgment, the critical point is whether the federal court is "in essence being called upon to review the state-court decision." *Id.* at 533. (internal quotations omitted). "The determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Id.*

statutes and constitutional provisions he invokes, moreover, either do not support a private cause of action or have no conceivable connection with his allegations.

### IV. Conclusion

Indiana's motion to dismiss is granted. The motions to strike and the motions to intervene are denied. Any motion not specifically addressed in this Entry is denied as moot. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 1/28/2005

John Daniel Tinder, Judge
United States District Court

Copies to:

Torm Howse
206 N. Main Street
Whitestown, IN   46075

Richard M. Bramer
INDIANA STATE ATTORNEY GENERAL
rbramer@atg.state.in.us

ROBERT LEE TARTER II
6979 Rinnie Seitz RD
Nashville, IN 47448

GAYLE D. YOUNG JR
6272 Chadworth CT
Indianapolis, IN 46236

BRENT ALAN LOSIER
653 1/2 East Russel Lake Drive
Zionsville, IN 46077

JEFFREY LYLE GRONEMEYER
8237 Lakeshore Circle, Apt 4414
Indianapolis, IN 46250

RALPH EDWARD JACKSON LEON
330 Spring St, Apt 6
Charlestown, IN 47111

BRIAN RINGO
2304 S Rogers #80
Bloomington, IN 47403

DALE Q. MARMADUKE
1153 Pilgrim Road
Greenwood, IN 46142

JOHN R. HINTON
958 John Street
Frankfort, IN 46041

ARTHUR E. LOZANO
1936 Kingstown RD
Wakefield, RI 02879

TODD A. SEARLES
7067 S Etna RD #35
LaFontaine, IN 46940

SEAN P. CUNNINGHAM
206 North Main Street
Pratt, KS 67124

AMIR HOUSHANG SANJARI
3299 Park Ridge Lane, NE
Grand Rapids, MI 46525

FRANK G. DUNAWAY JR
10628 Kyle CT
Fishers, IN 46038

CHRISTOPHER W. ALEXANDER
16 Parkridge Drive
Mt. Vernon, IN 47620

RICHARD TRAVISANO
4575 W Woodland DR
Bllomington, IN 47404

JODY LEE ANDERSON
2390 Legendary DR
Martinsville, IN 46151

WILLIAM EARL LAMAR III
P. O. Box 6125
Auburn, IN 46706

THOMAS S. ESPARZA
1885 Maple ST, NE
New Salisbury, IN 47161